Shaw, C. J.
This case arises on a petition of Gardiner and others against the respondents, for the assessment of damages done the land of the petitioners, by raising and grading Tremont street, at the place where it crosses the Boston and Worcester railroad. It was a petition to the court of common pleas, acting in the county of Suffolk as county commissioners and comes before this court, by exceptions.
The charter of the Boston and Worcester Railroad Corporation was granted in 1831, enlarged in 1832, and the general act passed the succeeding year. St. of 1833, c. 91.
The raising of Tremont street, on the ground of which damages are claimed in this proceeding, was done by the •respondents not as part of their original structure, but ii *4 pursuance of the provisions of the Rev. Sts. c. 39, § 67, authorizing any railroad company which had theretofore been established, to raise or lower any turnpike or way. This provision had been adopted and acted upon by the respondents; they applied to the mayor and aldermen to make this alteration, long after the passing of the Rev. Sts., and it was granted upon certain terms set forth in the case. By acting on this license, they acceded to its terms.
At the trial, upon the facts shown, the respondents contended that they were not liable to this process, inasmuch as they acted, in raising the grade of the street, in subordination to, and as the agents and servants of the city, and not by virtue of their independent corporate powers. But this objection the presiding judge overruled, and held that the respondents were primarily liable. The court are of opinion that this direction was right. By Rev. Sts. c. 39, § 67, above cited, the corporation might raise or lower any way, for the purpose of having their railroad pass over or under the same, after notice to the selectmen, (for whom in Boston the mayor and aider-men were substituted.) It was an additional corporate power, superadded to their preexisting powers, and, by applying to the mayor and aldermen they acted upon it. It was done at their expense, solely for their own use and benefit, and not the city’s; and if it was to avoid a nuisance and danger, it was one caused by the use of their railroad over the street at the same level. By acting upon this additional corporate power, they brought themselves under the provisions of their charter, which rendered them liable to third parties for incidental damages, caused by the execution of those powers, to be assessed in the mode established by law for the assessment of similar damages. On general principles, therefore, as well as by force of the statute and the terms on which they undertook to do this additional work, for the better security of their road, the corporation was responsible, as well for incidental damages, as for the cost and expenses. The bond of indemnity taken by the city, the appointment of a superintendent to take care of the public interest, in the execution of this work during its progress, were prudent measures, taken *5 ex majori cautela, which do not tend to change the character of the work to be done, or take off the general liability of the company. Parker v. The Boston & Maine Railroad, 3 Cush. 107.
This view substantially answers the other exception; which was, that the damages should have been claimed within one year from the time of taking the land, or from the completion of the work causing damage. For this they rely on their act of incorporation, referring to the act for assessing damages on laying out highways.
But we think that limitation is not applicable. This work was done in pursuance of the enlarged powers given by Rev. Sts. c. 39; and we think the time for claiming damages is to be governed by the same statute, § 58, which limits the time to'three years. In the present case, the claim was made within three years.
Exceptions overruled, amd judgment on the verdict.